IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA OLSON                                  *
7845 Wendover Avenue
Parkville, MD 21234                          *

    Plaintiff                              *

    vs.                                    *
                                                            No.:
RELIANCE STANDARD LIFE INSURANCE CO.
P.O. Box 8330                                *
Philadelphia, PA 19101-8330
                                                            *

Serve:
Kathleen Birrane                             *
Insurance Commissioner for the State of Maryland
200 St. Paul Place                           *
Suite 2700
Baltimore, MD 21202                          *

    Defendant                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Now comes the Plaintiff, Laura Olson, by and through her attorney, Keith R. Siskind, Esquire and the Law Offices of Steinhardt, Siskind and Lieberman, LLC, and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials.

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued to the Plaintiff's employer, Medstar Health, with an effective date of January

1

1, 2011, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq. (The Plan).

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Laura Olson, is an individual, a citizen of the State of Maryland, residing at 7845 Wendover Avenue, Parkville, MD 21234.

6. That the Plaintiff's employer, Medstar Health, entered into a contract of insurance with Defendant to provide long term disability benefits to its employees.

## Statement of Facts

7. That the Plaintiff is currently 37 years of age and was employed as a Senior Physical Therapist for Medstar Health where she was hired on August 26, 2013.

8. The Plaintiff's last day of work was March 10, 2019. Plaintiff ceased working at that time due to the progression of symptoms associated with Plaintiff's severe and profound hearing loss. Plaintiff also suffers from other medical conditions such as tinnitus, dizziness, imbalance/disequilibrium, occipital headaches, distortion of her cochlear implants, anxiety and depression.

9. That after Plaintiff ceased working she was approved for short term disability benefits and transitioned to long term disability benefits effective September 6, 2019.

10. That a medical review requested by Defendant on September 3, 2021 reported the

following:

> *Since the last review, as of 5/5/21 the claimant has not yet undergone bilateral jugular decompression... the claimant is anticipating the surgery to be performed in July. In order to allow for recovery and response to treatment suggest updating with records after surgery and bringing back to CDM to see if work function may be reasonable by the A/O date.* **See Exhibit 1.**

11. That following the medical review of September 3, 2021 Defendant sent a letter to the Plaintiff on September 15, 2021 stating the following:

> *We have completed our investigation to determine your continued eligibility for long term disability benefits. Based on the medical information contained in your file, you are considered totally disabled from performing any occupation for which you are qualified, by reason of training, education or experience. As a result, benefits will continue to May 2, 2051 or until you no longer meet the provisions of your policy, whichever occurs first.* **See Exhibit 2.**

12. That notwithstanding the above approval, on September 27, 2021 Defendant forwarded another letter to the Plaintiff denying long term disability benefits. In disregard of the Plaintiff's severe symptoms, Defendant obtained a nursing review of September 23, 2021 which expressed an opinion that "… claimant is capable of sedentary work function while attempting to locate a provider that takes her insurance and can perform the vascular decompression." As a result long term disability benefits were denied as of September 6, 2021. **See Exhibit 3.**

13. That on September 27, 2021 Plaintiff filed an administrative appeal. **See Exhibit 4.**

14. That in a letter dated December 8, 2021 Defendant denied Plaintiff's appeal. **See Exhibit 5.** This represented a final decision exhausting the Plaintiff's administrative remedies.

15. That at issue in this case is the policy language of the plan. Pursuant to the plan the

definition of disability is as follows:

> *Totally Disabled and Total Disability mean, that as a result of an Injury or Sickness:*
> *(1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;*
> *(2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.*

The plan also defines any occupation as follows:

> *Any Occupation means an occupation normally performed in the national economy for which an Insured is reasonably suited based upon his/her education, training or experience.*

16. That since benefits were denied at the conclusion of the initial 24 month own occupation period, then at issue is whether Plaintiff is capable of performing the material duties of any occupation.

## *Count I*

17. The Plaintiff reasserts and incorporates each and every fact and allegation as set forth in paragraphs 1-16 as fully and completely as if set forth herein.

18. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

19. That the Plaintiff contends that she is disabled and unable to perform the material duties of any occupation. The Plaintiff has severe and profound hearing loss which is handicapping and requires significant accommodations to assist with communication.

4

Plaintiff is unable to hear well enough to communicate effectively. Plaintiff also suffers from debilitating dizziness. The Plaintiff has been diagnosed with jugular vein stenosis which causes headaches, tinnitus, dizziness, fatigue, depression and brain fog. These limitations preclude Plaintiff from performing the material duties of any occupation. Plaintiff has also been approved for Social Security Disability benefits.

20. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny long term disability benefits was unreasonable and not supported by substantial evidence.

21. That the Plaintiff contends that the Administrative Record contains substantial objective evidence to document the Plaintiff's disability, and that the Defendant ignored reliable evidence submitted by the Plaintiff. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from performing the material duties of any occupation. The Plaintiff further contends that she has submitted satisfactory proof of her disability as required by the plan, including confirmation from her treating physician, Dr. Michael Martin, that Plaintiff is incapable of sedentary work and requires surgery for her jugular vein stenosis.

22. That the Plaintiff contends that the Defendant's decision to deny benefits was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

23. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.

24. That pursuant to the plan Plaintiff is eligible for 60% of her monthly salary of $ 4,102.80. After an offset for Social Security Disability benefits Plaintiff is eligible for a monthly benefit of $ 1,344.80.

25. That benefits are currently due from September 6, 2021 through April 6, 2022, a period of 7 months in the amount of $ 9,413.60. Benefits continue at the rate of $ 1,344.80 per month through the maximum duration of the plan which is the Plaintiff's Social Security normal retirement age of 67.

26. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a.    That this Court order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff pursuant the plan, said benefits beginning September 6, 2021;

    b.    Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing, including prejudgment interest;

    c.    That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132 including pre-judgment interest;

    d.    For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

                                        */s/ Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415