UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QURESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

June 22, 2022

**Via Electronic Filing**

To:   Counsel of Record

Re:   Laura Olson v. Reliance Standard Life Insurance Co.
      Civil Action No. DLB-22-680

Dear Counsel,

I hope this letter finds you well. Please be advised that the above referenced case has been referred to my chambers for the purpose of a settlement conference. The settlement conference has been scheduled **virtually via Zoom.Gov for Tuesday, September 20, 2022 at 10:00 a.m. A separate email will follow at least one week prior to the conference with details regarding the use of Zoom.** Additional details regarding the conduct of the conference and actions required before the conference are included below.

Per Local Rule 607.3, it is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative with complete authority to enter into a binding settlement, participate in this conference. A person with "complete authority" is someone who has the experience and judgment to exercise that authority. Please provide the name(s) and title(s) (if appropriate) of all individuals who will be attending the conference. Attendance by only the attorney for the represented party is insufficient. Please also be advised that the conference may last for several hours and all those in attendance should plan accordingly.

**At least fourteen days prior to the settlement conference, the parties shall separately submit an *ex parte* letter by electronic mail to mdd_AAQChambers@mdd.uscourts.gov.** It is suggested that the *ex parte* letter not exceed eight pages (twelve-point font, single spaced, with an extra line between paragraphs), but longer letters will be accepted in complex, large, or longer running cases. A party should carefully consider whether their case meets any of these requirements before exceeding the eight-page suggested limit. The letter should candidly set forth the facts and law relevant to the settlement, including, but not limited to:

a)  The facts the party believes it can prove at trial;

b)  The major weaknesses in each side's case, both factual and legal;

c)  The title and docket number of any dispositive or other motions that would have a significant effect on settlement (please include a copy of the motion(s) with the letter), including an explanation of why the party believes they are relevant to settlement;

*Olson v. Reliance Standard Life Ins. Co.*
June 22, 2022
Page 2

    d) An evaluation of the maximum and minimum damage awards the party believes likely, and the amount of existing liens;

    e) Documentation, if applicable, supporting the position that a lack of financial resources will impact the party's ability to pay a judgment or settlement. If this position is to be advanced, the party shall also include a summary of its finances, including cash on hand, ownership interests in property, business, and other assets, and the amount of relevant mortgages or liens, and recent income tax information;

    f) The history of any settlement negotiations to date;

    g) An estimate of attorney's fees and costs of litigation, currently incurred, and anticipated to be incurred were the case to proceed through trial; and

    h) The name(s) and title(s) (if applicable) of the individual(s) who will be attending the conference.

The letters will be solely for the purpose of my use in preparing for the settlement conference. I will review select proceedings in the court file and case authorities in advance of the settlement conference, but if there are any authorities the party believes are critical to the evaluation of their case, please identify them. If the party wants me to review any exhibits or deposition excerpts, please attach a copy to your letter by email. **Please provide via mail or hand-delivery to chambers a paper copy of all attachments exceeding twenty-five pages within seven days of electronically mailing the ex parte letter.**

Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort on their own, **I require that the Plaintiff submit a written itemization of damages and a settlement demand to the Defendant no later than twenty-eight days before the settlement conference. The Defendant shall submit a written offer to the Plaintiff and any alternate itemization of damages within seven days of receiving the demand.** The demand and offer correspondence shall be included with the *ex parte* letter provided to my chambers. After the exchange of the demand and offer, the parties should continue to engage in negotiations.[1]

If counsel believes that a telephone conference prior to **September 20** would make settlement more productive, please contact my chambers at the address above to make arrangements. In doing so, please specifically reference, this paragraph of this letter.

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of a lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The Opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into these matters. Accordingly, please discuss these items with your client before appearing at the settlement conference.

*Olson v. Reliance Standard Life Ins. Co.*
June 22, 2022
Page 3

      Notwithstanding this document's form as a letter, it is an Order of the Court and the Clerk has been asked to docket it as such. Accordingly, failure to comply with its terms without justification may result in the imposition of sanctions.

      I look forward to seeing you virtually on **September 20** and appreciate your hard work and diligence in adhering to this Order.

      All the best,

      /s/

      Ajmel A. Quereshi
      United States Magistrate Judge